UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARLA ADLER, STEPHEN BAUSENWEIN,
AL DEICHLER, MIKE FROST, ED HALPIAN,
RICH HERBST, KEVIN KELLY, ARTHUR
LANDSMAN, ERIK MALAGON, JOE O'BRIEN,
JOHN RE and DAN WATTS, on behalf of
themselves and all others similarly-situated,

                                    Plaintiffs,

                    – against –

20/20 COMPANIES; 20/20 COMMUNICATIONS,
INC.; VERIZON COMMUNICATIONS, INC.;
VERIZON SERVICES, CORP.; BARRY MILLAY,
in his individual and official capacities; WILLIAM
ROWLAND, JR., in his individual and official
capacities; and JASON GREEN, in his individual
and official capacities,

                                    Defendants.

Case No. CV-09-439(LDW)(ARL)

**AFFIDAVIT OF SAUL D. ZABELL
IN SUPPORT OF PLAINTIFFS'
UNOPPOSED MOTION FOR FINAL
APPROVAL OF PARTIAL CLASS
SETTLEMENT**

        **SAUL D. ZABELL, ESQ.**, an attorney duly admitted to practice before this Court, hereby

affirms under penalty of perjury as follows:

1.  I am the managing principal of Zabell & Associates, P.C., and co-counsel for Plaintiffs in the

    above-captioned case.  I submit this declaration in support of Plaintiffs' Memorandum of Law In

    Support of Plaintiffs' Unopposed Motion for Final Approval of Partial Class Settlement.  For the

    reasons set forth in the accompanying memorandum of law and upon the documents attached

    hereto, Plaintiffs' motion should be granted in its entirety.

2.  Attached hereto as "Exhibit 1" is a true and correct copy of the Joint Stipulation of Settlement

    and Release.

3.  After substantial and arm's length negotiations, Plaintiffs have agreed to settle their claims against the 20/20 Companies Defendants, and, through counsel, have executed the Joint Stipulation of Settlement and Release (the "Agreement" or "Agmt.").

4.  The Agreement creates a fund of $1,296,000 ("the Fund"). The Fund will be used to pay Class Counsel's attorneys' fees and costs, service payments to Plaintiffs in the amount of $10,000 each, and all costs associated with the administration of the Fund.

5.  Throughout the course of this litigation, the named Plaintiffs assisted class counsel's investigation and prosecution of their claims by providing detailed factual information regarding their job duties and hours worked, contacting witnesses, setting up meetings between class counsel and potential plaintiffs, and assisted class counsel to evaluate 20/20 Companies Defendants' representations regarding their payment practices.

6.  The named Plaintiffs met extensively with class counsel at many stages of the case, compiling and presenting documents in support of the claims, reviewing with class counsel voluminous records produced by the 20/20 Companies Defendants, and otherwise cooperating and coordinating with class counsel to initiate the action, respond to various motions to dismiss and document their claims during the lengthy settlement negotiations.

7.  Without the named Plaintiffs' efforts, this case may not have been brought and this settlement would not have been reached.

8.  Upon being presented with the Agreement, the named Plaintiffs unanimously voted in favor of the proposed settlement.

9.  Accordingly, Plaintiffs are overwhelmingly in favor of the settlement.

10. Class members were given 60 days to submit an opt-out form to the Claims Administrator.

11. Presently, Plaintiffs are unaware of any individual lawsuits that have been filed by class members arising from the same alleged misconduct.

12. Both Zabell & Associates, P.C. and Thompson Wigdor & Gilly LLP, have performed substantial work identifying, investigating and now settling Plaintiffs' and the class members' claims against the 20/20 Companies Defendants; both firms have significant experience, and the lawyers assigned to this matter are well-versed in the applicable law and are able and willing to commit the resources necessary to represent the class through Judgment.

13. Based upon the foregoing, the exhibits attached hereto, as well as the attached memorandum of law, Plaintiffs respectfully request the Court grant their Unopposed Motion for Preliminary Approval of Final Settlement and enter the proposed Order Granting Preliminary Approval of Settlement.

Dated: Bohemia, New York
      February 7, 2011

                                    Saul D. Zabell, Esq.
                                    ZABELL & ASSOCIATES, P.C.
                                    4875 Sunrise Highway, Suite 300
                                    Bohemia, New York 11716
                                    Tel.: (631) 589-7242
                                    Fax: (631) 563-7475
                                    szabell@laborlawsny.com

# EXHIBIT "1"

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

MARLA ADLER, STEPHEN BAUSENWEIN,　　　:
AL DEICHLER, MIKE FROST, ED HALPIAN,　　:
RICH HERBST, KEVIN KELLY, ARTHUR　　　　:
LANDSMAN, ERIK MALAGON, JOE O'BRIEN,　:
JOHN RE and DAN WATTS, on behalf of　　　 :
themselves and all others similarly-situated,　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　Plaintiffs,　　　 :　　Case No. CV-09-439(LDW)(ARL)
　　　　　　　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　　　:
20/20 COMPANIES; 20/20 COMMUNICATIONS,　:
INC.; VERIZON COMMUNICATIONS, INC.;　　:
VERIZON SERVICES CORP.; BARRY MILLAY,　:
in his individual and official capacities; WILLIAM　:
ROWLAND, JR., in his individual and official　　:
capacities; and JASON GREEN, in his individual　:
and official capacities,　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　Defendants.　　　:

---

## JOINT STIPULATION OF SETTLEMENT AND RELEASE

### PREAMBLE

　　Plaintiffs Marla Adler, Stephen Bausenwein, Al Deichler, Mike Frost, Ed Halpian, Rich Herbst, Kevin Kelly, Arthur Landsman, Erik Malagon, Joe O'Brien, John Re and Dan Watts, on behalf of themselves and all other present and former employees in the Class, and Defendants 20/20 Companies, Barry Millay, William Rowland, Jr., and Jason Green (collectively, the "Parties"), by and through their respective counsel of record, agree to resolve the above-captioned action as between them through this Joint Stipulation of Settlement and Release.

### DEFINITIONS

　　1.　"20/20 Companies Releasees" means Defendants 20/20 Companies, Barry Millay, William Rowland, Jr. and Jason Green (collectively, the "20/20 Companies Defendants"), and all of their affiliates, including, without limitation, any parents and subsidiaries, affiliated entities, predecessors, divisions, joint ventures and assigns, and any of their past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives, but specifically excluding Defendant 20/20 Communications, Inc. and its affiliates, principals, officers, directors, employees, agents, successors and assigns; provided, however, that in no event shall the 20/20

Companies Defendants be deemed to be excluded from the release.

2.     "Action" means the civil action filed on February 3, 2009 in the United States District Court for the Eastern District of New York entitled *Maria Adler et al., on behalf of themselves and all others similarly-situated v. 20/20 Companies et al.*, Case No. CV-09-439(LDW)(ARL).

3.     "Agreement" means this Joint Stipulation of Settlement and Release.

4.     "Claims Administrator" shall refer to Gilardi & Co. LLC which will administer the terms and conditions of this Agreement by doing, among other things, the following: (i) mailing the Class Notice to Class Members; (ii) mailing any notices to authorities required under the Class Action Fairness Act ("CAFA"); (iii) tracking timely submitted Opt-Out Forms; (iv) notifying the Parties of timely and untimely claims; (v) opening an account for the purposes of administering the terms of this Agreement through a Qualified Settlement Fund, as that term is interpreted by the Internal Revenue Service and applicable state law; (vi) sending each Participating Claimant his/her respective Settlement Share; and (vii) reporting and making all required deductions, withholdings, and/or payroll tax payments.

5.     "Class" or "Class Members" means the Class Representatives and any person who was employed by or under contract with Defendant 20/20 Companies, its predecessors or affiliates, direct or indirect, at any time during the Class Period in a Covered Position in the State of New York.

6.     "Class Counsel" means Saul D. Zabell, Esquire, Zabell & Associates, P.C., 4875 Sunrise Highway, Suite 300, Bohemia, New York 11716, and Scott B. Gilly, Esquire, Thompson Wigdor & Gilly LLP, 85 Fifth Avenue, New York, New York 10003.

7.     "Class Member Distribution Amount" means the remainder of the Settlement Amount available to be distributed to the Participating Class Members after deductions, pursuant to the terms of this Agreement, for Attorneys' Fees, as that term is defined in Paragraph 52, the service payments to the Class Representatives, the payment for the services of the Claims Administrator, the payment for the costs of administering the terms of this Agreement, and the payment of any and all applicable payroll taxes.

8.     "Class Period" means the period from January 1, 2006 through and including March 18, 2008.

9.     "Class Representatives" means Plaintiffs Marla Adler, Stephen Bausenwein, Al Deichler, Mike Frost, Ed Halpian, Rich Herbst, Kevin Kelly, Arthur Landsman, Erik Malagon, Joe O'Brien, John Re and Dan Watts, individually and collectively.

10.    "Consent to Participate and Claim Certification Form" means a signed request by a Class Member, substantially in the form attached to the Notice, to become a Participating Class Member and receive payment of his or her Settlement Share.

11.    "Covered Position" means any position that required the employee or contractor to sell Verizon FiOS Internet and television services to residential customers.

2

12. "Court" means the United States District Court for the Eastern District of New York.

13. "Judgment" means an order to be executed and entered by the Court, substantially in the form attached hereto as Exhibit C, determining that this Agreement and the Settlement Amount are fair and adequate to protect the interests of the Participating Class Members, finally approving this Agreement and the Settlement Amount and certifying for settlement purposes only the Class provided in Paragraph 5.

14. "Notice" means the "Class Notice" to be approved by the Court substantially in the form attached hereto as Exhibit A.

15. "Opt-Out" or "Opt-Out Form" means a signed request by a Class Member, substantially in the form attached to the Notice, to exclude him or herself from the Settlement and from becoming a Participating Class Member.

16. "Parties" means the named parties to this Agreement.

17. "Participating Class Member" means each of the Class Representatives and any other Class Member who timely submits a Consent to Participate and Claim Certification Form to the Claims Administrator.

18. "Preliminary Approval Order" means an order to be executed and entered by the Court, substantially in the form attached hereto as Exhibit B, preliminarily approving this Agreement and the Settlement Amount, conditionally certifying for settlement purposes only the Class provided in Paragraph 5 and appointing for settlement purposes only the Class Representatives, Class Counsel, and the Claims Administrator.

19. "Released Periods" mean, for each Class Representative or Participating Class Member, both of the following:

    (a)    as to the 20/20 Companies Releasees, the period from the date he or she was first employed by or under contract with Defendant 20/20 Companies, its predecessors or affiliates, direct or indirect, in the State of New York, to the date on which the Court enters the Judgment; and

    (b)    as to the Verizon Releasees, the period from the date he or she was first employed by or under contract with Defendant 20/20 Companies, its predecessors or affiliates, direct or indirect, in the State of New York, through the end of the Class Period only.

20. "Settlement Amount" means no more than one million two hundred ninety-six thousand dollars ($1,296,000.00). The 20/20 Companies Defendants shall deposit the Settlement Amount with the Claims Administrator no later than the Settlement Effective Date. Subject to Paragraph 47 below, the Claims Administrator shall fund the Qualified Settlement Fund with the Settlement Amount.

21. "Settlement Effective Date" means the latest of the following dates: (i) the date

3

Case 2:09-cv-00439-LDW-ARL   Document 36-2   Filed 08/02/10   Page 8 of 35

of final affirmance of the Judgment on appeal; (ii) the date of final dismissal with prejudice of the last pending appeal from the Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing any form of valid appeal from the Judgment.  Notwithstanding the foregoing, any proceeding, order, appeal, or petition pertaining solely to attorneys' fees shall not, by itself, in any way delay or preclude the Judgment from becoming final.

22.     "Settlement Share" means a Participating Class Member's share of the Class Member Distribution Amount pursuant to the terms of this Agreement.  Each Participating Class Member's Settlement Share will be based upon the number of weeks the Participating Class Member was employed in a Covered Position during the Class Period.

23.     "Verizon Releasees" means Defendants Verizon Communications, Inc. and Verizon Services Corp. (together, "Verizon"), and all of their affiliates, including, without limitation, any parents and subsidiaries, affiliated entities, predecessors, successors, divisions, joint ventures and assigns, and any of their past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives, but specifically excluding Defendant 20/20 Communications, Inc. and its affiliates, principals, officers, directors, employees, agents, successors and assigns.

## THE LITIGATION

24.     On February 3, 2009, the Class Representatives commenced this Action on behalf of a purported class of persons allegedly employed by Defendants 20/20 Companies, 20/20 Communications, Inc. and Verizon in Covered Positions in the State of New York.  Their Complaint asserted claims for failure to pay earned commissions and unlawful deductions in violation of the New York Labor Law ("NYLL"), conversion and unjust enrichment.

25.     On June 26, 2009, the Class Representatives filed an Amended Complaint that added Plaintiff John Re, also a Class Representative, and Defendants Barry Millay, William Rowland, Jr. and Jason Green as parties to the Action.

26.     The Class Representatives believe that their claims are meritorious and that the Action is appropriate for treatment as a class action.

27.     The 20/20 Companies Defendants deny any liability or wrongdoing of any kind associated with the claims alleged in the Action and, for any purpose other than this Agreement, contend that this Action is not appropriate for treatment as a class action under Federal Rule of Civil Procedure 23.

28.     The Parties ultimately reached an agreement to settle the Action as between them on the terms and conditions set forth in this Agreement.

29.     If the Agreement is deemed void or the Settlement Effective Date does not occur, the 20/20 Companies Defendants do not waive, and expressly reserve, their rights to challenge any and all of the claims and allegations in the Amended Complaint on any procedural, legal or factual grounds and to assert any potential defense or privilege.  This reservation of rights includes, without limitation, the right to challenge treatment of the Action as a class action.  The

Class Representatives and Class Counsel agree that the 20/20 Companies Defendants retain and reserve these rights, and agree not to take a position to the contrary; specifically, the Class Representatives and Class Counsel hereby waive any argument based on this Agreement that the 20/20 Companies Defendants may not contest class certification or assert any other potential defense or privilege.

## TERMS OF STIPULATION

30.     The Parties stipulate, for settlement purposes only, to the certification by the Court of a class of all Class Members as to all claims asserted in the Action.

31.     As consideration for this Agreement, and to fully and completely resolve and settle as between them all claims of Class Members to be released by this Agreement, the 20/20 Companies Defendants agree to pay no more than the Settlement Amount.

32.     Except for the additional service payments described at Paragraph 36, the gross amount payable to each Participating Class Member will be equal to his or her individual Settlement Share.

33.     For income and payroll tax purposes, the Parties agree that the entirety of each Participating Class Member's Settlement Share constitutes earned wages, which shall be subject to required withholdings and deductions and reported as wage income as required by law. The Claims Administrator will report payment of each Participating Class Member's Settlement Share to all necessary governmental authorities, including the Internal Revenue Service, and shall make all required deductions, withholdings and payroll tax payments out of the Qualified Settlement Fund.

34.     The 20/20 Companies Defendants will not be responsible for making any deductions, withholdings or additional payments, including without limitation, medical or other insurance payments or premiums, employee 401(k) contributions or matching employer contributions, wage garnishments, or charity withholdings, out of the Settlement Amount or any individual Settlement Share. Any amount paid to a Participating Class Member shall not create any credit or otherwise affect the calculation of any deferred compensation, benefit, pension or other compensation or benefit plan provided by the 20/20 Companies Defendants.

35.     If fewer than all Participating Class Members cash their checks within the time permitted, any remaining funds will be redistributed to the 20/20 Companies Defendants.

36.     In exchange for and conditioned upon their execution of a general release in favor of the 20/20 Companies Releasees and the Verizon Releasees in the form set forth at Paragraph 71, each Class Representative will receive a service payment in the gross amount of ten thousand dollars ($10,000.00) to be paid out of the Qualified Settlement Fund. Each such service payment shall be made in addition to any Settlement Share to which the Class Representative may otherwise be entitled as a Participating Class Member, and will be reported on an IRS Form 1099.

5

## COURT APPROVAL OF CLASS NOTICE

37.     Class Counsel shall file this Agreement with the Court and move the Court for its preliminary approval.  By such motion, Class Counsel will request that the Court enter the Preliminary Approval Order, which shall (a) approve the terms of this Agreement; (b) certify the Class for settlement purposes; and (c) schedule the Settlement Hearing.

38.     If the Court decides not to enter the Preliminary Approval Order in its entirety, the 20/20 Companies Defendants will have the right to terminate this Agreement in its entirety.

39.     At the Settlement Hearing, the Court will consider and determine the fairness of this Agreement.  To that end, the Parties shall address any written objections to the Settlement that were received from Class Members and any concerns voiced by the Court or Class Members who attend the hearing.  Unless provided otherwise in this Agreement, the Parties will thereafter stipulate to the final approval of this Agreement and the entry of the Judgment by the Court.  If the Court finds this Agreement to be fair and reasonable, the Court will grant final approval of the Agreement and enter the Judgment.

## NOTICE OF CLASS ACTION SETTLEMENT

40.     The 20/20 Companies Defendants shall provide the Claims Administrator with a list, in electronic form, of the names, last known addresses, and telephone numbers of all Class Members (the "Class List") so that the Claims Administrator can engage in the processing and mailing of the Notice to each of them.  The 20/20 Companies Defendants will provide the Class List to the Claims Administrator in time to accomplish this objective as required by Paragraph 53 of this Agreement.

41.     The Claims Administrator will perform a standard skip trace to verify the accuracy of all Class Member addresses before the initial mailing of the Notice to ensure, to the extent reasonably practicable, that the Notice is sent to all Class Members at the addresses most likely to result in their immediate receipt of the Notice documents.

42.     The Claims Administrator shall send a Notice to each Class Member by first-class mail within forty-five (45) days after the date of the Preliminary Approval Order.  Such Notice shall be in the form approved by the Court in the Preliminary Approval Order.  It will be conclusively presumed that if a Notice so mailed has not been returned within thirty (30) days of the mailing that the Class Member received the Notice.  With respect to returned Notices, the Claims Administrator will use reasonable diligence to obtain a current address and re-mail the Notice to such address within twenty (20) days of the date it was returned.  The Notice shall be deemed received by the addressee on the date of the second mailing.

43.     All fees and costs relating to sending the Notice to the Class Members shall be paid by the Claims Administrator as part of its fees and costs, which will be paid out of the Settlement Amount.

44.     Class Members will have sixty (60) days from the date of the mailing of the Notice to submit either a signed Consent to Participate and Claim Certification Form or Opt-Out Form to the Claims Administrator.

6

45.    Any Class Member may appear in person or through counsel at the Settlement Hearing and may be heard as to why this Agreement should not be approved or is unfair, inadequate and unreasonable or why the Judgment should or should not be entered. No Class Member, however, shall be heard or entitled to object, and no papers or briefs submitted by any such person shall be received or considered by the Court, unless written notice of such Class Member's intent to appear at the Settlement Hearing, together with copies of all papers and briefs proposed to be submitted to the Court at the Settlement Hearing, is filed with the Court and served upon all Parties on or before _____, 2010. Service shall be made by first-class mail upon each of the persons designated at Paragraph 59 and shall be complete upon mailing. Any Class Member who does not file and serve his or her written objections in the manner provided above shall be deemed to have waived such objections and shall be foreclosed from making any objection, by appeal or otherwise, to any aspect of this Agreement.

46.    In the event of any dispute concerning a Class Member's Settlement Share, the Parties will meet and confer in good faith in an effort to resolve the dispute, and if the Parties are unable to reach agreement, the dispute resolution provisions contained at Paragraph 62 will control.

## SETTLEMENT FUNDS AND PAYMENT

47.    Upon receipt of the Settlement Amount from the 20/20 Companies Defendants, the Claims Administrator shall deposit $25,000 of the Settlement Amount into a separate, interest-bearing account (the "Allocation Correction Account"), which shall be used to correct any mathematical or factual errors in the calculation of the Settlement Shares and pay unanticipated administrative costs. The Claims Administrator shall report any and all such corrections to the Parties, which shall in turn report them to the Court. After all such corrections have been made, any funds remaining in the Allocation Correction Account will be held in trust by the Claims Administrator to cover unanticipated costs related to the administration of this Agreement. Any funds that remain in the Allocation Correction Account one year after the Settlement Effective Date, plus all accrued interest, will be distributed to the Participating Class Members on a pro rata basis by the Claims Administrator.

48.    Within thirty (30) calendar days after the Settlement Effective Date, provided that the Settlement Effective Date occurs, Class Counsel will provide the 20/20 Companies Defendants with Class Counsel's taxpayer identification number and an executed Form W-9.

49.    Within twenty (20) days after the Settlement Effective Date, the Claims Administrator shall mail to each Participating Class Member at his or her last known address, or updated address if obtained, a check in the amount of his or her Settlement Share less his or her share of relevant withholdings. Such checks shall be drawn on the account of the Qualified Settlement Fund.

50.    Checks for Settlement Share payments issued to Participating Class Members pursuant to this Agreement shall remain negotiable for a period of ninety (90) days from the date of mailing, at which time such checks will be void and a stop-pay notice will be placed. Participating Class Members who fail to negotiate their check(s) within the ninety-day period will be deemed to have waived irrevocably any right in or claim to a Settlement Share, but shall

remain subject to the terms of the Judgment, including the Release contained at Paragraphs 70.

51.     Subject to Paragraph 47 above, the fees and costs of the Claims Administrator will be paid out of the Qualified Settlement Fund periodically as they are incurred; provided, however, that in no event shall such fees and costs exceed $15,000.00.

52.     Class Counsel may seek up to $443,428.56 of the Settlement Amount from the Court as full payment of their fees and costs incurred in connection with the Action. The 20/20 Companies Defendants will not oppose Class Counsel's motion for the payment of fees and costs. Payment of the attorneys' fees shall be made by the Claims Administrator out of the Qualified Settlement Fund within thirty (30) days after the Settlement Effective Date, provided that the Settlement Effective Date occurs.

53.     The Parties agree to cooperate fully with each other to accomplish the objectives of this Agreement, including, but not limited to, the execution of such documents and the taking of such other action as may reasonably be necessary to implement its terms.

## MISCELLANEOUS

54.     The Parties agree to keep the terms of this Agreement confidential until the Parties move the Court to enter the Preliminary Approval Order.

55.     The Parties will not initiate any contact with the media regarding the terms of this Agreement or the Action until Class Counsel files a motion for the Preliminary Approval Order with the Court. If the Parties are contacted by the media, they will state only that "a partial settlement of the Action has been reached and the Parties to that settlement are in the process of obtaining approval from the Court." After the date of entry of the Preliminary Approval Order, the Class Representatives, Class Counsel and their agents may communicate with Class Members, but shall issue no statements to the media regarding any aspect of this Agreement.

56.     The Parties represent, covenant, and warrant that they have not directly or indirectly assigned or purported to assign to any person or entity any portion of any liability, claim, demand, action, cause of action or right released in this Agreement.

57.     Nothing contained in this Agreement shall be construed as or deemed to be an admission of liability on the part of the 20/20 Companies Defendants, who deny liability for any claim asserted in the Action. Similarly, nothing contained in this Agreement shall be construed as or deemed to be an admission of any kind on the part of the Class Representatives, Class Members or Class Counsel, and this Agreement shall not be used in any manner against the Class Representatives, Class Members or Class Counsel in the continued litigation of this Action against the non-released defendants. Rather, each of the Parties has entered into this Agreement with the intention to avoid further litigation and its attendant inconvenience and expense.

58.     This Agreement is a settlement document and shall be inadmissible in evidence in any judicial or administrative proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

59. Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by registered or certified mail, return receipt requested, addressed as follows:

<u>To the Class</u>:

Saul D. Zabell
Zabell & Associates, P.C.
4875 Sunrise Highway
Suite 300
Bohemia, NY 11716

- and –

Scott B. Gilly
Thompson Wigdor & Gilly LLP
85 Fifth Avenue
New York, NY 10003

<u>To the 20/20 Companies Defendants</u>:

Sarah E. Bouchard
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103

60. Paragraph titles or captions contained in this Agreement are for ease of reference only and in no way define, limit, extend, or describe the scope or terms of this Agreement. Each term of this Agreement is contractual and not merely a recital.

61. If any deadline set forth in this Agreement cannot be met, counsel for the Parties shall confer in an attempt to reach agreement on an appropriate extension. If the Parties fail to reach agreement, any Party may apply to the Court for such an extension by motion; provided, however, that such motion may seek only a reasonable extension the deadline or deadlines in question and no other changes to the Agreement.

62. Counsel for the Parties shall confer with respect to any and all disputes related to this Agreement in an attempt to reach agreement on an appropriate resolution. If the Parties fail to reach agreement, any Party may bring such dispute to the Court by motion after ten (10) days' written notice to all other Parties. The Court will have continuing jurisdiction over this Agreement until all obligations contemplated herein have been fully satisfied.

63. This Agreement contains the entire agreement among the Parties relating to the resolution of the Action, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are superceded by this Agreement.

9

64.     No rights under this Agreement may be waived except in writing by the Parties.

65.     It is agreed that because the Class is so numerous, it is impossible or impractical to have each Class Member execute this Agreement. Instead, a Notice substantially in the form attached hereto as Exhibit A will advise all Class Members of the binding nature of the releases contained herein.

66.     This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with the other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties.

67.     Any Party may engage in communications with the Claims Administrator without advance notice to the other Parties or the Court, but must copy counsel for all other Parties on all such correspondence.

68.     In the event that any Party takes the position that the Claims Administrator is not acting in accordance with the terms of the Agreement, the Parties shall confer prior to raising any such issue with the Claims Administrator.

69.     No discovery materials shall be offered for sale or distributed to any person or entity by the Class Representatives or Class Counsel. All originals or reproductions of any discovery materials obtained by or given to any Party, expert, consultant, or other person shall be retrieved by Class Counsel and returned to the producing Party, and all Parties who received such materials shall certify within thirty days (30) of the Settlement Effective Date, that they have returned all such materials and all copies thereof to the producing Party. Alternatively, the Parties may agree in writing, in advance of the deadline set forth in this Paragraph, that all such materials shall be destroyed by the receiving Party. The requirements of this Paragraph do not apply to any Party's own work product but do apply to non-work product discovery materials described therein or attached thereto.

## RELEASE OF CLAIMS

70.     By failing to timely submit an Opt-Out Form, a Class Member will be bound by the terms of this Agreement and will be deemed to have waived, and fully and finally released the 20/20 Companies Releasees and Verizon Releasees from, any and all claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising or accruing during their respective Released Periods under New York state wage-and-hour laws, including, but not limited to, claims for or related to unpaid wages, minimum wage, overtime, premium pay, bonuses, commissions, deductions, waiting-time, meal periods, rest breaks or retaliation.

71.     By executing this Agreement, by and through Class Counsel, the Class Representatives shall be deemed to have fully and finally released the 20/20 Companies Releasees and the Verizon Releasees from any and all claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, arising or accruing during their respective Released Periods, under federal, state or local law, statute, ordinance, regulation, the common law or other source of law, including, but not limited to, claims to

enforce rights provided by the NYLL, the Fair Labor Standards Act, Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Employee Retirement Income Security Act, the Age Discrimination in Employment Act, the National Labor Relations Act and their implementing regulations, regardless of whether such claims sound in contract, tort, or statute, or seek legal or equitable relief. The Class Representatives further agree and acknowledge that they will not seek or be eligible for future employment with any of the Releasees.

## TERMINATION OF SETTLEMENT

72. If more than five (5) percent of the Class Members timely submit an Opt-Out Form to the Claims Administrator, any of the 20/20 Companies Defendants may declare this Agreement void in its entirety, at which time this Agreement will terminate and litigation of the Action shall resume as though it had never been entered into. In the event of such a termination of the Agreement, (a) the 20/20 Companies Defendants shall have no obligation to pay the Settlement Amount or any Settlement Share but shall pay any administrative costs already incurred by the Claims Administrator or, if the Settlement Amount has already been paid, it will be repaid to the 20/20 Companies Defendants in its entirety less any administrative costs already incurred by the Claims Administrator; (b) all Parties and Class Members will each bear their own costs and fees incurred in connection with the Agreement; (c) the terms of the Agreement shall be deemed null and void with no further force or effect as to the Parties, Class Members or the Action; and (d) the Agreement shall not be used in this Action or in any other judicial or administrative proceeding for any purpose, and any Judgment or order entered by the Court in accordance with its terms shall be treated as vacated *nunc pro tunc*.

Respectfully submitted,

Saul D. Zabell
Zabell & Associates, P.C.
4875 Sunrise Highway
Suite 300
Bohemia, NY 11716
Tel: (631) 589-7242
Fax: (631) 563-7475

Scott B. Gilly
Thompson Wigdor & Gilly LLP
85 Fifth Avenue
New York, NY 10003
Tel: (212) 257-6800
Fax: (212) 257-6845

*Counsel for Plaintiffs*

Sarah E. Bouchard
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
Fax: (215) 963-5001

Melissa C. Rodriguez
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
Tel: (212) 309-6000
Fax: (212) 309-6001

*Counsel for Defendants*
*20/20 Companies, Barry Millay,*
*William Rowland, Jr. and Jason Green*

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MARLA ADLER, STEPHEN BAUSENWEIN, AL DEICHLER, MIKE FROST, ED HALPIAN, RICH HERBST, KEVIN KELLY, ARTHUR LANDSMAN, ERIK MALAGON, JOE O'BRIEN, JOHN RE and DAN WATTS, on behalf of themselves and all others similarly-situated, | : : : : : : : : | |
| Plaintiffs, | : : | Case No. CV-09-439(LDW)(ARL) |
| v. | : : : | |
| 20/20 COMPANIES; 20/20 COMMUNICATIONS, INC.; VERIZON COMMUNICATIONS, INC.; VERIZON SERVICES CORP.; BARRY MILLAY, in his individual and official capacities; WILLIAM ROWLAND, JR., in his individual and official capacities; and JASON GREEN, in his individual and official capacities, | : : : : : : : : | |
| Defendants. | : : | |

## CLASS NOTICE

### NOTICE OF PRELIMINARY APPROVAL OF SETTLEMENT OF CLASS ACTION

### NOTICE OF SETTLEMENT HEARING AND HEARING REGARDING APPLICATION FOR ATTORNEYS' FEES, COSTS AND COMPENSATION TO NAMED CLASS REPRESENTATIVES

### - AND -

### EXCLUSION PROCEDURES

**TO:** **All persons who were employed by or under contract with 20/20 Companies, its predecessors or affiliates, direct or indirect, to sell Verizon FiOS Internet and television services to residential customers in the State of New York (the "Covered Positions") at any time from January 1, 2006 through and including March 18, 2008 (the "Class Period").**

**If you are receiving this Notice, you may be entitled to share in the settlement of this class action. PLEASE READ THIS NOTICE CAREFULLY. EVEN IF YOU INTEND NOT TO PARTICIPATE IN THE SETTLEMENT, YOUR LEGAL RIGHTS MAY BE AFFECTED. PLEASE CONTINUE READING.**

Pursuant to the Order of the United States District Court for the Eastern District of New York entered on _____, YOU ARE HEREBY NOTIFIED AS FOLLOWS:

A settlement (the "Settlement") has been reached between certain of the named parties ("Parties") in the action pending in the United States District Court for the Eastern District of New York titled *Maria Adler et al., on behalf of themselves and all others similarly-situated v. 20/20 Companies et al.*, Case No. CV-09-439(LDW)(ARL) (the "Action"), which purports to assert common law claims and claims under the New York Labor Law ("NYLL") on behalf of all individuals described above (the "Class Members") against 20/20 Companies, 20/20 Communications, Inc., Verizon Communications, Inc., Verizon Services Corp. (together with Verizon Communications, Inc., "Verizon") and certain individuals. **The terms of the Settlement have been preliminarily approved by the Court as fair and reasonable.**

You have received this Notice because 20/20 Companies' records indicate that you are one of the Class Members. This Notice is designed to inform you of how you may receive payment under the Settlement. If you do not wish to participate in the Settlement, you do not have to do anything at all but your rights will be affected as described in this Notice. If you wish to exclude yourself from the Settlement, you may do so pursuant to Section IV.B below. By excluding yourself or by doing nothing in response to this Notice, you will not be eligible to receive any payment or benefits from the Settlement.

## I.   BACKGROUND OF THE CASE

On February 3, 2009, Plaintiffs Marla Adler, Stephen Bausenwein, Al Deichler, Mike Frost, Ed Halpian, Rich Herbst, Kevin Kelly, Arthur Landsman, Erik Malagon, Joe O'Brien and Dan Watts (the "Class Representatives") commenced this Action on behalf of a purported class of all persons employed by 20/20 Companies, 20/20 Communications, Inc. and/or Verizon in a Covered Position at any time from January 1, 2005 to the present. The Class Representatives alleged that they and the members of the purported class were not paid all of their earned commissions and that certain unlawful deductions were taken out of their paychecks. The Class Representatives later amended their complaint to join Plaintiff John Re, also a Class Representative, and Defendants Barry Millay, William Rowland, Jr. and Jason Green (the "Individual Defendants"), the principal executives of 20/20 Companies.

The Class Representatives believe that the Action is meritorious based on alleged violations of the NYLL and the common law, and that the Action is appropriate for treatment as a class action. 20/20 Companies and the Individual Defendants deny any liability or wrongdoing of any kind associated with the claims alleged in the Action, contend that they properly compensated the Class Representatives and all Class Members, and contend that, for any purpose other than the Settlement, this Action is not appropriate for treatment as a class action under Federal Rule of Civil Procedure 23.

After good-faith negotiations, however, the Class Representatives agreed to settle the Action with 20/20 Companies and the Individual Defendants only pursuant to the terms and conditions of the Settlement. **The Settlement is only a partial settlement of the Action. Neither the Class Representatives' claims against Defendant 20/20 Communications, Inc., nor their claims against Verizon arising or accruing after March 18, 2008, are affected by the Settlement. All of those claims will continue to be litigated in Court unless subsequently settled as between those parties.**

The Settlement represents a compromise and settlement of highly disputed claims. Accordingly, nothing in the Settlement is intended to or will be construed as an admission by 20/20 Companies or the Individual Defendants that the claims in the Action have merit or that any of them are liable to the Class Representatives or any Class Member on those claims.

The Class Representatives, 20/20 Companies and the Individual Defendants, and their respective legal counsel, have concluded, however, that the Settlement is advantageous, considering the risks and uncertainties to each side of continued litigation, and that the Settlement is fair, reasonable, adequate and in the best interests of the Class Members.

**The Court has reviewed the terms of Settlement proposed by the Parties and has preliminarily approved it as fair and reasonable.**

- **If you wish to participate in the Settlement,** you MUST follow the procedures outlined below in Section IV.A. If you follow those procedures, you **will** be eligible to receive payment of your Settlement Share.

- **If you wish to be excluded from the Settlement,** you MUST follow the procedures outlined below in Section IV.B. If you follow those procedures, you **will not** be bound by the Settlement as to your claims and you **will not** receive any settlement award.

- **If you do not wish to participate in the Settlement,** you do not have to do anything at all. If you do nothing in response to this Notice, you **will not** receive any settlement award but you will nonetheless be bound by the Settlement as to your claims.

## II.  SUMMARY OF THE SETTLEMENT

The Settlement provides for the following:

2

### A. Who is included in the Settlement?

You are included in the Settlement if you meet all of the conditions set forth in the beginning of this Notice. Specifically, you must have been employed by 20/20 Companies in the State of New York to sell Verizon FiOS Internet and television services to residential customers (the "Covered Positions") at some time from January 1, 2007 through and including March 18, 2008 (the "Class Period").

### B. How do you participate in the Settlement?

**To participate in the Settlement and be eligible to receive your settlement award, you must sign and timely return a Consent to Participate and Claim Certification Form to the Claims Administrator. If you do not timely return a signed Consent to Participate and Claim Certification Form, you will not receive any settlement award.**

### C. What will you receive from the Settlement?

The total amount of the settlement is $1,296,000. The costs of administering this Settlement, certain service payments to the Class Representatives, a set-aside for calculation errors and Class Counsel's attorneys' fees and costs will reduce the amount that will ultimately be paid out to Class Members.

Your potential monetary award will be based upon the number of weeks you worked in a Covered Position during the Class Period, provided that you have not previously executed a valid release of your claims. The gross amount of your Settlement Share payment will be reduced by the amount of any and all tax deductions and withholdings required by law. As an example, if you worked in New York as a Verizon FiOS sales representative from January 1, 2006 through June 30, 2007, you would be eligible to receive $_____, less applicable tax deductions and withholding. As a second example, if you worked in that capacity throughout the entire Class Period, you would be eligible to receive $_____, less applicable tax deductions and withholding.

### D. When will you receive your Settlement Share payment?

The Settlement Share payments will be paid to Participating Class Members after the deadline for Class Members to exclude themselves from the Settlement has passed and all rights to appeal or review of the Settlement or Judgment are exhausted or any appeal or review has been resolved in favor of the Settlement.

### E. Who is the Claims Administrator?

The Court has appointed Gilardi & Co. LLC to act as an independent Claims Administrator and to resolve any dispute concerning any Class Member's eligibility to participate in the Settlement.

**F.     Who is representing the Class Members?**

The attorneys for the Class Members ("Class Counsel") are Saul D. Zabell, Esquire, Zabell & Associates, P.C., 4875 Sunrise Highway, Suite 300, Bohemia, New York 11716, and Scott B. Gilly, Esquire, Thompson Wigdor & Gilly LLP, 85 Fifth Avenue, New York, New York 10003. However, any questions regarding this Notice or the Settlement should be directed to the Claims Administrator, Gilardi & Co. LLC,_____.

**G.     What will you give up by not excluding yourself from the Settlement?**

Unless you execute and timely submit an Opt-Out Form, **you will be bound by the Settlement** and will be deemed to have waived and released certain claims you may have against Defendants 20/20 Companies, Verizon Communications, Inc., Verizon Services Corp., Barry Millay, William Rowland, Jr. and Jason Green, and all of their affiliates for the Class Period—but **not** any claims you may have against Defendant 20/20 Communications, Inc. or its affiliates in their entirety or against Verizon outside of the Class Period.

Specifically, **you will be deemed to have waived and released** any and all claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, under New York state wage-and-hour laws against Defendants 20/20 Companies, Barry Millay, William Rowland, Jr. and Jason Green, and all of their affiliates—including, without limitation, any and all of their parents, subsidiaries, affiliated entities, predecessors, divisions, joint ventures and assigns, and any of their past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives—(collectively, the "20/20 Companies Releasees") arising or accruing at any time from the date you were first employed by or under contract with 20/20 Companies, or any of its predecessors or affiliates, direct or indirect, in the State of New York, through the date this Settlement is finally approved by the Court.

**You will also be deemed to have waived and released** any and all claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, under New York state wage-and-hour laws against Defendants Verizon Communications, Inc., Verizon Services Corp., and all of their affiliates—including, without limitation, any and all of their parents, subsidiaries, affiliated entities, predecessors, successors, divisions, joint ventures and assigns, and any of their past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives—(collectively, the "Verizon Releasees") arising or accruing at any time from the date you were first employed by or under contract with 20/20 Companies, or any of its predecessors or affiliates, direct or indirect, in the State of New York, through March 18, 2008, the end of the Class Period.

Your release of the 20/20 Companies Releasees and limited release of the Verizon Releasees will include, but will not be limited to, claims for or related to unpaid wages, minimum wage, overtime, premium pay, bonuses, commissions, deductions, waiting-time, meal periods, rest breaks or retaliation.

4

Case 2:09-cv-00439-LDW-ARL   Document 36-2   Filed 08/02/10   Page 22 of 35

**H.**   **Who is responsible for Class Counsel's attorneys' fees?**

The Court has preliminarily approved payment from the Settlement Amount to Class Counsel of attorneys' fees, costs and expenses incurred in representing the Class Representatives and Class Members in the Action. You are not responsible for Class Counsel's attorneys' fees.

**I.**   **Who is responsible for the costs of administrating the Settlement?**

The costs of administering the Settlement will be deducted from the Settlement Amount.

**J.**   **Who is responsible for any applicable taxes?**

Class Members are solely responsible for the reporting and payment of their share of any federal, state and local income and other applicable taxes and withholdings, if any, on payments made to them pursuant to this Settlement. Class Members are advised to seek tax advice prior to acting in response to this Notice.

**III.**   **CLASS REPRESENTATIVES AND CLASS COUNSEL SUPPORT THE SETTLEMENT.**

The Class Representatives and Class Counsel support this Settlement. Their reasons include the inherent risk of a trial on the merits, and the inherent delays and uncertainties associated with litigation. Based on their experience litigating similar cases, Class Counsel believe that further proceedings in this case as between the Parties, including a trial and probable appeals, would be very expensive and protracted. No one can confidently predict how the various legal questions at issue, including the amount of damages, would ultimately be resolved. Therefore, upon careful consideration of all of the facts and circumstances of this case, the Class Representatives and Class Counsel believe that the Settlement is fair, reasonable, and adequate.

**IV.**   **WHAT ARE YOUR RIGHTS AS A CLASS MEMBER?**

The Class Representatives and Class Counsel represent your interests as a Class Member. If you are a Class Member and you do not opt out of the Settlement, you will be bound by the terms of the Settlement and you will be deemed to have released your claims against the 20/20 Companies Releasees and Verizon Releasees as described at Section II.F above. Unless you retain your own counsel, however, you will not be responsible for the payment of any attorneys' fees or other costs or expenses related to the Action or the Settlement. If you retain your own counsel, however, you will be solely responsible for his or her attorneys' fees and expenses.

**A.**   **Claiming Your Share of the Settlement**

**If you want to participate in the Settlement,** you **MUST** complete the Consent to Participate and Claim Certification Form that is attached to this Notice and mail it to the Claims Administrator at the following address:

Gilardi & Co. LLC

_____

_____

Your signed Consent to Participate and Claim Certification Form must be postmarked by
_____ and must include your name (and former names, if any), current address,
telephone number, Social Security Number and signature. If you have followed these
procedures, the Claims Administrator will mail you a check in the amount of your Settlement
Share after the Court has granted final approval of the Settlement. The check will be issued by
the Claims Administrator Gilardi & Co. LLC. Please be advised that, if you fail to timely
submit a signed and complete Consent to Participate and Claim Certification Form or a signed and
complete Opt-Out Form, you WILL be bound by the Settlement, if it is approved, and the
Judgment in the Action as to your claims even though you will receive no settlement award
without filing a Consent to Participate and Claim Certification Form.

**B.**      **Excluding Yourself From The Settlement**

**If you want to exclude yourself from the Settlement**, you **MUST** complete the Opt-Out Form
that is attached to this Notice and mail it to the Claims Administrator at the following address:

Gilardi & Co. LLC

_____

_____

Your signed Opt-Out Form must be postmarked by _____ and must include
your name (and former names, if any), current address, telephone number, Social Security
Number and signature. Please be advised that, if you timely submit a signed and complete Opt-
Out Form, you **WILL NOT be bound by the terms of the Settlement, if it is approved, or the
Judgment in the Action.** You will also not receive any payment as part of the Settlement. Opt-
Out Forms that do not include all required information, however, or that are not submitted on a
timely basis, will be deemed null, void and ineffective.

**V.**      **THE SETTLEMENT HEARING AND OBJECTIONS TO THE SETTLEMENT**

A hearing (the "Settlement Hearing") will be held before the Honorable Leonard D. Wexler on
_____, 2010 in Courtroom _____ at _____ at the United States District Court for
the Eastern District of New York located at 100 Federal Plaza, Central Islip, New York 11722
(the "Court"), to determine, as a final matter, whether the proposed Settlement of the Action is
fair, adequate and reasonable, and whether the Action should be dismissed on the merits with
prejudice as between the settling parties. The hearing may be adjourned by the Court from time
to time as the Court may direct without further notice.

Any Class Member may appear in person or through counsel at the Settlement Hearing and be
heard as to why the proposed Settlement of the Action should not be approved as fair, adequate
and reasonable, or why a final judgment dismissing the Action against 20/20 Companies and the
Individual Defendants with prejudice and partially dismissing the Action against Verizon should

6

or should not be entered.  However, <u>no Class Member shall be heard or entitled to object, and no papers or briefs submitted by any such person shall be received or considered by the Court,</u> **unless** written notice of intent to appear at the Settlement Hearing, together with copies of all papers and briefs proposed to be submitted to the Court, is filed with the Court and served upon all of the following persons by mail postmarked on or before _____:

Saul D. Zabell  
Zabell & Associates, P.C.  
4875 Sunrise Highway, Suite 300  
Bohemia, NY 11716

- and -

Scott B. Gilly  
Thompson Wigdor & Gilly LLP  
85 Fifth Avenue  
New York, NY 10003

*Class Counsel*

Sarah E. Bouchard  
Morgan, Lewis & Bockius LLP  
1701 Market Street  
Philadelphia, PA 19103

*Counsel for the*  
*20/20 Companies Defendants*

Any Class Member who does not make and serve his or her written objections in the manner provided above shall be deemed to have waived such objections and shall be foreclosed from making any objections, by appeal or otherwise, to the proposed Settlement.  <u>Any Class Member who is satisfied with the proposed Settlement need not appear at the Settlement Hearing</u>.

**PLEASE DO NOT TELEPHONE THE COURT, THE CLERK OF THE COURT OR ANY OF THE PARTIES OR THEIR COUNSEL FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIMS PROCESS.  ALL INQUIRIES SHOULD BE DIRECTED TO THE CLAIMS ADMINISTRATOR AT _____**

Case 2:09-cv-00439-LDW-ARL Document 36-2 Filed 08/02/10 Page 25 of 35

# Consent to Participate and Claim Certification Form

### FILL OUT THIS FORM ONLY IF YOU DO WANT
### TO PARTICIPATE IN THE SETTLEMENT

By my signature below, I am giving notice that I am consenting to participate in the Settlement of this Action and receive any settlement award that may be available to me.

Name (please print):_____

Maiden/Former Name(s) (if any):_____

Current Address:_____

Social Security No.:_____

Date:_____

Signature: _____

# Opt-Out Form

### FILL OUT THIS FORM ONLY IF YOU <u>DO NOT</u> WANT
### TO PARTICIPATE IN THE SETTLEMENT

By my signature below, I am giving notice that I am opting-out of the Settlement of this Action.  I understand that I <u>will not</u> be eligible to receive any cash payment that may otherwise have been available to me.

Name (please print):_____

Maiden/Former Name(s) (if any):_____

Current Address:_____

Social Security No.:_____

Date:_____

Signature: _____

2

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| MARLA ADLER, STEPHEN BAUSENWEIN, AL DEICHLER, MIKE FROST, ED HALPIAN, RICH HERBST, KEVIN KELLY, ARTHUR LANDSMAN, ERIK MALAGON, JOE O'BRIEN, JOHN RE and DAN WATTS, on behalf of themselves and all others similarly-situated, | : : : : : : : : |  |
| Plaintiffs, | : : | Case No. CV-09-439(LDW)(ARL) |
| v. | : : |  |
| 20/20 COMPANIES; 20/20 COMMUNICATIONS, INC.; VERIZON COMMUNICATIONS, INC.; VERIZON SERVICES CORP.; BARRY MILLAY, in his individual and official capacities; WILLIAM ROWLAND, JR., in his individual and official capacities; and JASON GREEN, in his individual and official capacities, | : : : : : : : : |  |
| Defendants. | : : |  |

## ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

**NOW**, this _____ day of _____, 2010, upon consideration of Class

Counsel's Motion, and the Court being fully apprised of the facts, the Court hereby **ORDERS**

and **DECREES** the following:

1.       The Court provisionally certifies the following class under Fed. R. Civ. P. 23(e),

for purposes of a partial settlement of this action only ("Settlement Class"):

>    All persons who were employed by or under contract with 20/20
>    Companies, its predecessors or affiliates, direct or indirect, to sell Verizon
>    FiOS Internet and television services to residential customers in the State
>    of New York at any time from January 1, 2006 through and including
>    March 18, 2008.

2.       Plaintiffs meet all of the requirements for settlement class certification under Fed.

Case 2:09-cv-00439-LDW-ARL   Document 36-2   Filed 08/02/10   Page 29 of 35

R. Civ. P. 23(a) and (b)(3).

3.      Plaintiffs satisfy Fed. R. Civ. P. 23(a)(1), for purposes of certification of a settlement class only, because there are approximately _____ members of the Settlement Class (the "Class Members") and, thus, joinder is impracticable.

4.      Plaintiffs satisfy Fed. R. Civ. P. 23(a)(2), for purposes of certification of a settlement class only, because Plaintiffs and the Class Members share common issues of fact and law, including whether Defendants complied with applicable wage-and-hour laws.

5.      Plaintiffs satisfy Fed. R. Civ. P. 23(a)(3), for purposes of certification of a settlement class only, because Plaintiffs' claims arise from the same factual and legal circumstances that form the bases of the Class Members' claims.

6.      Plaintiffs satisfy Fed. R. Civ. P. 23(a)(4), for purposes of certification of a settlement class only, because Plaintiffs will fairly and adequately protect the interests of the Settlement Class.

7.      Plaintiffs also satisfy Rule 23(b)(3), for purposes of certification of a settlement class only, because common factual allegations and a common legal theory predominate over any factual or legal variations among Class Members and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

8.      The Court appoints Plaintiffs Marla Adler, Stephen Bausenwein, Al Deichler, Mike Frost, Ed Halpian, Rich Herbst, Kevin Kelly, Arthur Landsman, Erik Malagon, Joe O'Brien, John Re and Dan Watts as Settlement Class Representatives.

9.      The Court appoints Saul D. Zabell, Esquire, Zabell & Associates, P.C., 4875 Sunrise Highway, Suite 300, Bohemia, New York 11716, and Scott B. Gilly, Esquire, Thompson Wigdor & Gilly LLP, 85 Fifth Avenue, New York, New York 10003, as Class Counsel because

2

they meet all of the requirements of Fed. R. Civ. P. 23(g). See D.S. ex rel S.S. v. N.Y. City Dep't of Educ., 255 F.R.D. 59, 74 (E.D.N.Y. 2008) (observing that, in certifying class, court must "ensure adequate counsel" and describing factors to be considered under Fed. R. Civ. P. 23(g)).

4.      The Court appoints _____ as Claims Administrator.

5.      The Court approves the form of the Class Notice attached as Exhibit A to the Parties' Joint Stipulation of Settlement and Release (the "Stipulation"). The Notice is to be mailed by the Claims Administrator, by first class mail, to the Class Representatives and Class Members at their last known addresses within forty-five (45) days of this Order.

6.      Class Members shall mail all requests to exclude themselves from the proposed Settlement to the Claims Administrator, in accordance with the Stipulation, Notice and instructions thereto. Class Members shall be provided sixty (60) days from the date of mailing of the Notice to return an Opt-Out Form.

7.      Class Members shall assert any and all objections to the Settlement to the Court, in accordance with the Stipulation, Notice and instructions thereto.

8.      This Order, the underlying Stipulation, as well as any attachments thereto, shall not be cited in any matter for the purpose of seeking or opposing class or collective action certification or class or collective action notice.

9.      A final approval hearing is set for _____, 2010 at _____.

SO ORDERED this ____ day of _____, 2010.

_____
                                                    Wexler, J.

3

# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

MARLA ADLER, STEPHEN BAUSENWEIN,   :
AL DEICHLER, MIKE FROST, ED HALPIAN,   :
RICH HERBST, KEVIN KELLY, ARTHUR   :
LANDSMAN, ERIK MALAGON, JOE O'BRIEN,   :
JOHN RE and DAN WATTS, on behalf of   :
themselves and all others similarly-situated,   :
  :
      Plaintiffs,   :   Case No. CV-09-439(LDW)(ARL)
  :
    v.   :
  :
20/20 COMPANIES; 20/20 COMMUNICATIONS,   :
INC.; VERIZON COMMUNICATIONS, INC.;   :
VERIZON SERVICES CORP.; BARRY MILLAY,   :
in his individual and official capacities; WILLIAM   :
ROWLAND, JR., in his individual and official   :
capacities; and JASON GREEN, in his individual   :
and official capacities,   :
  :
      Defendants.   :

## ORDER GRANTING FINAL APPROVAL
## OF SETTLEMENT AND ENTERING JUDGMENT

    This matter comes before the Court on the Motion of Class Counsel, for an order and

judgment finally approving the Joint Stipulation of Settlement and Release, dated

_____, 2010 (the "Stipulation"), dismissing with prejudice all claims in this matter

against Defendants 20/20 Companies, Barry Millay, William Rowland, Jr. and Jason Green, and

dismissing with prejudice all claims in this matter against Defendants Verizon Communications,

Inc. and Verizon Services Corp. that arose or accrued on or before March 18, 2008. The Court

has reviewed the Stipulation and other related materials submitted by the parties thereto,

considered any and all objections raised to the settlement at the Settlement Hearing held on

_____, 2010, and otherwise is fully apprised of all of the facts. NOW, this

_____ day of _____, 2010, the Court hereby **ORDERS** and **DECREES** the

following:

     1.     The Court certifies the Settlement Class, as defined by the Court in the

Preliminary Approval Order, dated _____, 2010, for purposes of a partial

settlement of this action only.

     2.     The Notice given to the members of the Settlement Class adequately informed the

Class Members of the terms of the Stipulation, their right to obtain monetary relief, their right to

opt out of the monetary provisions of the Stipulation and to pursue their own remedies, and their

opportunity to file written objections and appear and be heard at the final approval hearing

regarding the approval of the Stipulation.  The Court finds that the Notice provided satisfies the

requirements of Fed. R. Civ. R. 23(e)(1)(B).

     3.     The Court hereby approves the Stipulation and finds that the settlement is fair,

reasonable, and adequate as to all members of the Settlement Class.  The Court finds that

extensive investigation, research and litigation has been conducted such that counsel for all

parties thereto are able to evaluate their respective risks of further litigation, including the

additional costs and delay associated with further prosecution of this Action.  The Court further

finds that the Stipulation has been reached as a result of intensive, arms-length negotiations.

     4.     Class Counsel shall be awarded the amount of $_____ for fair and

reasonable attorneys' fees and litigation expenses incurred in the prosecution of this litigation,

such award to be paid out of the Settlement Amount in full compromise and satisfaction of all

attorneys' fees and expenses incurred by Class Counsel as specified in the Stipulation.

5.      The reasonable fees and expenses of the Claims Administrator incurred in the administration of the terms of the Stipulation shall also be paid out of the Settlement Amount as specified in the Stipulation.

6.      Plaintiffs, who performed substantial services for the benefit of the Settlement Class, shall each be awarded $10,000 as a service payment, such awards to be paid out of the Settlement Amount as specified in the Stipulation.

7.      The Court finds and determines that the contemplated payments to the Participating Class Members, as provided in the Stipulation and to be paid by the Claims Administrator, are fair, reasonable and adequate.  The Court thus gives final approval to and orders that those payments be made to the Participating Class Members.

8.      The Court hereby dismisses with prejudice all clams in this action against Defendants 20/20 Companies, Barry Millay, William Rowland, Jr. and/or Jason Green, and all clams in this action against Defendants Verizon Communications, Inc. and Verizon Services Corp. solely to the extent that they arose or accrued between January 1, 2006 and March 18, 2008.

9.      All Participating Class Members are hereby barred and permanently enjoined from prosecuting, commencing, or continuing any claims, causes of action, damages or liabilities of any kind, nature or character whatsoever, in law, equity or otherwise, known or unknown, suspected or unsuspected, that now exist, may exist or heretofore existed, against Defendants 20/20 Companies, Barry Millay, William Rowland, Jr. and/or Jason Green, arising out of, related to, connected with, or based in whole or in part on any facts, transactions, occurrences, representations or omissions alleged in the Amended Complaint, to the extent that they arose or accrued between January 1, 2006 and the date of this Order.

3

10.     All Participating Class Members are hereby barred and permanently enjoined from prosecuting, commencing, or continuing any claims, causes of action, damages or liabilities of any kind, nature or character whatsoever, in law, equity or otherwise, known or unknown, suspected or unsuspected, that now exist, may exist or heretofore existed, against Defendants Verizon Communications, Inc. and/or Verizon Services Corp., arising out of, related to, connected with, or based in whole or in part on any facts, transactions, occurrences, representations or omissions alleged in the Amended Complaint, to the extent that they arose or accrued between January 1, 2006 and March 18, 2008.

11.     This Order, the underlying Stipulation, and any attachments thereto, shall not be cited in any matter for the purpose of seeking preliminary or final certification of any class or collective action.

12.     The Court retains jurisdiction over this action and the settling parties to administer, supervise, interpret, and enforce the Stipulation and this Order.

13.     Except as otherwise provided in the Stipulation, each of the settling parties shall bear their own costs.

SO ORDERED this _____ day of _____, 2010.


_____

Wexler, J.