

85 Fifth Avenue
New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.twglaw.com

**Scott Browning Gilly**
sgilly@twglaw.com

April 5, 2011

**VIA ECF**

The Honorable Leonard D. Wexler
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

   Re: Marla Adler, et al. v. 20/20 Companies, et al., No. 09 Civ. 439 (LDW)(ARL)

Dear Judge Wexler:

As you know, along with Zabell & Associates, P.C., we are Class Counsel in the above-referenced matter. We write to respectfully request that the Court, pursuant to Second Circuit case law discussed below, apply the "percentage-of-recovery" method to calculate Class Counsel's fee in view of the very favorable, early settlement achieved with the 20/20 Companies.

Courts in the Second Circuit prefer the percentage-of-the-fund method for determining the proper fee award. See McDaniel v. County of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010); Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 121 (2d Cir. 2005) ("The trend in this Circuit is toward the percentage method, which directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation."); In re MetLife Demutualization Litig., 689 F. Supp. 2d 297, 358 (E.D.N.Y. 2010) (Weinstein, J.) ("[T]he trend among district courts in the Second Circuit is to award fees according to the percentage-of-the-fund method, rather than the lodestar method."); In re Telik, Inc. Sec. Litig., 576 F. Supp. 2d 570, 586 (S.D.N.Y. 2008) ("[T]he administrative problems associated with the lodestar method, and the advantage presented by the percentage recovery approach, led most district courts in this Circuit to adopt the percentage of recovery methodology. This trend is consistent with the national precedent concerning this issue."). In fact, courts within this circuit have long recognized that "[s]upport for the lodestar/multiplier approach in common fund cases has eroded, and there has been a groundswell of support for *mandating* a percentage-of-the-fund approach in common fund cases." In re Telik, Inc. Sec. Litig., 576 F. Supp. 2d at 586 (quotation and citations omitted).

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

The Honorable Leonard D. Wexler
April 5, 2011
Page 2

There are several reasons why.

First, the percentage method encourages attorneys to resolve the case efficiently and to create the largest common fund from which payments to the class can be made. The percentage method is also closely aligned with market practices because it "mimics the compensation system actually used by individual clients to compensate their attorneys." In re Sumitomo Copper Litig., 74 F. Supp. 2d 393, 397 (S.D.N.Y. 1999); see also Strougo v. Bassini, 258 F. Supp. 2d 254, 262 (S.D.N.Y. 2003) (the percentage method "is consistent with and, indeed, is intended to mirror, practice in the private marketplace where contingent fee attorneys typically negotiate percentage fee arrangements with their clients"). Class Counsel's hourly charges are clearly in keeping with market practices, and demonstrate that we are not being unreasonably compensated at a one-third contingency percentage. Furthermore, Class Counsel's percentage based on a one-third fee calculation is unopposed by either Defendants or any class members, of which 413 have consented to participate in the settlement.

Second, as discussed above, the percentage-of-the-fund method provides "a powerful incentive for the efficient prosecution and early resolution of the litigation." Wal-Mart Stores, 396 F.3d at 122 (quotation and citations omitted). The percentage method discourages lawyers from running up their billable hours and "decreases the incentive to delay settlement because the fee for the plaintiffs' attorneys does not increase with delay." Karpus v. Borelli (In re Interpublic Sec. Litig.), No. 03 Civ. 1194, 2004 WL 2397190, at *11 (S.D.N.Y. Oct. 26, 2004). The lodestar method, on the other hand, "creates an incentive for attorneys to bill as many hours as possible, to do unnecessary work, and for these reasons alone can create a disincentive to early settlement." McDaniel, 595 F. 3d at 418 (citations omitted). Here, applying only the lodestar method would penalize Class Counsel for reaching early settlement and achieving a quick and manifestly favorable result. Furthermore, Class Counsel's work on the matter is continuing throughout administration of the settlement through the special master appointed by the Court. Therefore, the hours expended to date only partially reflect all of the hours Class Counsel will ultimately devote to the successful and final resolution of this action.

Courts in the Second Circuit now routinely apply the percentage of recovery method in wage-and-hour cases like this action. In Willix v. Healthfirst, Inc., where plaintiffs sought unpaid overtime, the court deemed the thirty-three and one-third percent of the fund requested in attorneys' fees "fair and reasonable using the percentage-of-recovery method, which is consistent with the trend in this Circuit." Willix, No. 07 Civ. 1143, 2011 WL 754862, at *6 (E.D.N.Y. Feb. 18, 2011) (quotations omitted). Likewise, in Diaz v. Eastern Locating Serv. Inc., a suit also seeking recovery of unpaid overtime, the court acknowledged that the percentage-of-recovery method "is the trend," and granted class counsel's request for a percentage-of-recovery fee award

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

The Honorable Leonard D. Wexler
April 5, 2011
Page 3

of one-third.  Diaz, No. 1:10 Civ. 04082, 2010 WL 5507912, at *7 (S.D.N.Y. Nov. 29, 2010).  And In Alleyne v. Time Moving & Storage, Inc., which involved allegations of failure to pay overtime, the court used the percentage method to award class counsel one-third of the total settlement fund, notwithstanding that class counsel neglected to keep time records in sufficient detail to support a lodestar calculation.  Alleyne, 264 F.R.D. 41 (E.D.N.Y. 2010).  See also Khait v. Whirlpool Corp., No 06 Civ. 6381, 2010 WL 2025106 (E.D.N.Y. Jan. 20, 2010) (applying percentage-of-recovery method).

Class Counsel's fee request is also justified if the Court applies the lodestar method to "cross-check" the percentage method.  See In re MetLife Demutualization Litig., 689 F. Supp. 2d at 359 ("Cross-checking a fee awarded under the percentage-of-the-fund method against counsel's lodestar helps to ensure the reasonableness of the proposed award."); see also Velez v. Novartis Pharmaceuticals Corp., No. 04 Civ. 09194, 2010 WL 4877852, at *22 (S.D.N.Y. Nov. 30, 2010) ("Although lodestar is no longer the preferred method of calculating attorneys' fees in connection with class action settlements, if a percentage of fund figure compares favorably with a lodestar that uses reasonable hourly rates and a reasonable multiplier, it tends to validate the percentage of funds figure.").  "Fees representing multiples above the lodestar are often awarded to reflect the risk and contingent nature of the litigation, the result obtained, and the quality of the attorney's work."  In re MetLife Demutualization Litig., 689 F. Supp. 2d at 359.  "[M]ultiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied."  Id.  Class Counsel's total lodestar is $313,517.18.  (See Docket No. 45, Zabell Letter in Support of Previously Filed Att. Fee Application, Exs. A and B.)  The requested $432,000 fee represents a multiplier of 1.3 times lodestar.  This multiplier is exceedingly reasonable and modest given the contingent nature of the expected compensation for the services Class Counsel rendered, the risk of non-payment viewed as of the time of filing the suit, the quality of representation, and the just results achieved.  See McMahon v. Olivier Chen Catering and Events, LLC, 08 Civ. 8713 (PGG), 2010 WL 2399328, at *8 (S.D.N.Y. Mar. 3, 2010) (finding multiplier of 1.4 times lodestar reasonable).  Furthermore, the multiplier of 1.3 times lodestar is below the lower end of the range of multipliers awarded by courts in the Second Circuit.  See In re Lloyd's Am. Trust Fund Litig., 96 Civ. 1262, 2002 U.S. Dist. LEXIS 22663, at *78-79 (S.D.N.Y. Nov. 26, 2002) ("[M]ultiplier of 2.09 is at the lower end of the range of reasonable multipliers awarded by courts within the Second Circuit.").  Finally, "courts in this Circuit have recognized that where class counsel will be required to spend significant additional time on this litigation in connection with implementing and monitoring the settlement, the multiplier will actually be significantly lower."  Velez, 2010 WL 4877852, at *23 (finding multiplier of 2.4 to fall "well within (indeed, at the lower end) of the range of multipliers accepted in the Second Circuit").  Thus the lodestar cross-check clearly supports the requested thirty-three and one-third percent fee.

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

The Honorable Leonard D. Wexler
April 5, 2011
Page 4

For these reasons, Class Counsel respectfully submit that the Court should apply the percentage-of-recovery approach for an unopposed award of $443,428.56, which reflects attorneys' fees in the amount of thirty-three and one-third percent of the Settlement Fund and reimbursement of $11,428.56 in out-of-pocket expenses that Class Counsel have incurred in successfully prosecuting the claims in this action to date. This amount is fair and reasonable not only under the applicable legal standards and the results achieved, but also in light of Class Counsel's continuing administration of the settlement.

Respectfully submitted,

Scott Browning Gilly

cc: Alan Mansfield, Esq.
    Domenique Camacho Moran, Esq.
    Sarah E. Bouchard, Esq.
    Saul Zabell, Esq.